**FILED**
**JUL 27 2016**

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| EUGENE GUTIERREZ, | \* | CIV. 16-5055 |
| | \* | CR 00-50081-04 |
| Movant, | \* | |
| | \* | MEMORANDUM OPINION AND |
| vs. | \* | ORDER OF DISMISSAL |
| | \* | |
| UNITED STATES OF AMERICA, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Eugene Gutierrez filed a pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, claiming that his 2001 conviction on count 2 of the indictment is invalid in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). In his pro se Memorandum of Law, Gutierrez clearly presents the arguments in support of his motion. (Doc. 2.) The Federal Public Defender submitted a Notice of Intent Not To Supplement Pro Se Filing.[1] (Doc. 6.)

Promptly after the filing of a § 2255 motion, the Court must undertake a preliminary review of the motion to determine whether it plainly appears from the motion, the attached exhibits and the record of prior proceedings that the movant is not entitled to relief in the district court. *See* Rule 4, Rules Governing § 2255 Cases. If so, the Court must dismiss the motion. *Id.* As discussed below, it conclusively appears from Gutierrez's filings and the record of the criminal case that he is not entitled to relief on his claims.

---

[1] On November 19, 2015, Chief Judge Jeffrey L. Viken issued a Standing Order appointing the Offices of the Federal Public Defender for the Districts of South Dakota and North Dakota to represent all defendants in criminal cases in those districts who may be eligible to seek a reduced or modified sentence based upon the decision in *Johnson* and subsequent court decisions.

## BACKGROUND

On October 22, 2001, Gutierrez pleaded guilty to one count (count 1) of armed bank robbery under 18 U.S.C. §§ 2113(a) and 2113(d), and a second count (count 2) of use of a firearm during the commission of a crime of violence under 18 U.S.C. § 924(c). In the Statement of Factual Basis signed by Gutierrez on October 16, 2001, he agreed, in part:

> On December 9, 1998, in the early morning, Eugene Gutierrez entered the then, Norwest Bank of Black Hawk, South Dakota. He was accompanied by Lafayette Washington, Travon Clardy and Jimmy Prince. The four entered the bank and proceeded to forcibly rob it of United States currency.
>
> ****
>
> In the course of the robbery, each of the bank occupants were physically forced to lie upon the floor and each had their hands tied together using the ties purchased at the hardware store. Washington and Prince jumped over the teller's counter and proceeded to remove United States currency from tellers' drawers and bank vaults. In the course of the robbery, Eugene Gutierrez was armed with the MAC .10 or MAC .11 firearm. The firearm was owned by Clardy but used that day by Gutierrez. In the course of the robbery, one or more of the above-identified four individuals forcibly took United States currency from one or more bank tellers by force. A witness-teller reports being struck in the head at least once by one of the robbers. Although Gutierrez did not directly observe such incident he does not dispute the accuracy of the witness-teller when she claims to have been struck.

(Doc. 178.) On January 7, 2002, Gutierrez was sentenced to 120 months' imprisonment on count 1 and a mandatory 7-year consecutive term of imprisonment on count 2 for brandishing a firearm during a crime of violence. *See* 18 U.S.C. § 924(c)(1)(A) (providing for a separate consecutive sentence of 7 years in addition to the punishment for the crime of violence if a firearm is brandished). Gutierrez did not appeal the sentence.

On June 23, 2016, Gutierrez filed the instant motion pursuant to 28 U.S.C. § 2255(f)(3), which provides that the one-year limitation period to file motions may begin from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Specifically, Gutierrez argues that the holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015),

recognized a new right that is retroactively applicable on collateral review, and that this right invalidates his conviction under 18 U.S.C. § 924(c) on count 2.

## DISCUSSION

In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA) is unconstitutionally vague because it creates uncertainty about how to evaluate the risks posed by a crime and how much risk it takes to qualify as a violent felony. *Johnson*, 135 S.Ct. at 2557–58. The ACCA, 18 U.S.C. § 924(e), defines the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year that: (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (2) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. 18 U.S.C. § 924(e)(2)(B). The first prong of this definition is sometimes referred to as the "elements clause," while the second prong contains the "enumerated crimes" and, finally, what is commonly called the "residual clause" (the "ACCA residual clause"). The ACCA residual clause covers "conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court in *Johnson* made clear that its holding that the ACCA residual clause is void did not call into question the validity of the elements clause or the enumerated crimes. 135 S. Ct. at 2563.

Post-*Johnson*, federal prisoners who were sentenced in reliance on the ACCA's now-void residual clause in 18 U.S.C. § 924(e) are entitled to file a § 2255 motion in the district court because *Johnson* announced a new rule of constitutional law made retroactively applicable to ACCA cases on collateral review. *Welch v. United States*, 136 S.Ct. 1257, 1264-65 (2016).

Gutierrez, however, was not sentenced under the ACCA found in 18 U.S.C. § 924(e). Rather, as explained above, Gutierrez was convicted of the use of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c). Section 924(c) provides, in relevant part:

> [A]ny person who, during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm, or who, in furtherance of any such crime, possesses

3

> a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime –
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years....

18 U.S.C. § 924(c)(1)(A). Under § 924(c), "crime of violence" is defined as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. §§ 924(c)(3)(A) and (B). The former clause is referred to herein as the "elements" clause and the latter clause as the "§ 924(c)(3)(B) residual clause." The language of § 924(c)(3)(B) is similar, but not identical, to the language of the ACCA residual clause invalidated by the Supreme Court in *Johnson*.

### 1. Gutierrez's Residual Clause Argument

Gutierrez asserts that the § 924(c)(3)(B) residual clause is unconstitutionally vague in light of *Johnson*. *Johnson* said nothing about the validity of the definition of a crime of violence in the § 924(c)(3)(B) residual clause, and the Eighth Circuit has not decided if *Johnson* applies to § 924(c)(3)(B). Some district courts have found that the similar language in § 924(c)(3)(B) is void for vagueness in light of *Johnson*. *See, e.g., United States v. Smith*, 2016 WL 2901661 (D. Nev. May 18, 2016). But even if this Court were to conclude both that *Johnson* applies retroactively to § 924(c)(3)(B), and that the § 924(c)(3)(B) residual clause is unconstitutional, it would not help Gutierrez because, as explained below, a conviction for bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d) clearly meets the requirement for a crime of violence under the § 924(c)(3)(A) elements clause, which requires the underlying offense to include as an element, "the use, attempted use, or threatened use of physical force against the person or property of another."

4

2. Gutierrez's Elements Clause Argument

Relying principally on *Johnson v. United States*, 559 U.S. 133 (2010), and *United States v. Torres-Miguel*, 701 F.3d 165 (4th Cir. 2012), Gutierrez argues that bank robbery under 18 U.S.C. §§ 2113(a) and 2113(d) does not qualify as a crime of violence under the "categorical approach." (Doc. 2 at p. 5.) In *Johnson*, the Supreme Court interpreted the phrase "physical force" in the Armed Career Criminal Act's "force clause" to mean violent force. 559 U.S. at 140. The court concluded that "in the context of a statutory definition of 'violent felony,' the phrase 'physical force' means violent force—that is, force capable of causing physical pain or injury to another person." *Id.* In *Torres–Miguel*, the Fourth Circuit reviewed a district court's finding that "the California threat conviction categorically constituted a crime of violence justifying a sentencing enhancement under the United States Sentencing Guidelines.... *See* U.S. Guidelines Manual § 2L1.2(b)(1)(A)(ii) (2011) [(providing for increased guidelines for previously deported person with certain prior felony convictions unlawfully reentering the United States)]." *Id.* at 166. The court concluded that "[a]n offense that results in physical injury, but does not involve the use or threatened use of force, simply does not meet the Guidelines definition of a crime of violence." *Id.* at 168. Gutierrez asserts that under the categorical approach, "[i]f the most innocent conduct penalized by a statute does not constitute a 'crime of violence' then the statute categorically fails to qualify as a 'crime of violence.'" (Doc.2 at p.5.) Gutierrez argues that bank robbery as defined in 18 U.S.C. §§ 2113(a) and 2113(d) does not meet the requirement of force capable of causing physical pain or injury to another person "because it can be accomplished by putting someone in fear of future injury to his person or his property...." (Doc. 2 at 6.)

Gutierrez's arguments fail for a number of reasons. First, he is incorrect that bank robbery under 18 U.S.C. §§ 2113(a) and 2113(d) can be accomplished by putting someone in fear of future injury to his person or his property. Rather, it is accomplished by force and violence or by intimidation. The statute provides, in relevant part:

> (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care,

custody, control, management, or possession of, any bank, credit union, or any savings and loan association

(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

18 U.S.C.A. §§ 2113(a) and (d).

Second, bank robbery under § 2113 constitutes a crime of violence under the elements clause (also known as the force clause) of § 924(c)(3). This was clearly illustrated by the Fourth Circuit in *United States v. McNeal*, 818 F.3d 141 (2016), the same circuit that decided the *Torres-Miguel* case relied on by Gutierrez:

> In assessing whether bank robbery qualifies as a crime of violence under the § 924(c)(3) force clause, we do not write on a blank slate. Twenty-five years ago in *Adkins*, our esteemed former colleague Judge Hall explained that "armed bank robbery is unquestionably a crime of violence, because it 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" *See* 937 F.2d at 950 n. 2 (quoting 18 U.S.C. § 924(c)(3)(A)). We also ruled decades ago that a § 2113(a) bank robbery is a crime of violence under the force clause of Guidelines section 4B1.2, which is nearly identical to the § 924(c)(3) force clause. *See United States v. Davis*, 915 F.2d 132, 133 (4th Cir.1990); *accord Johnson v. United States*, 779 F.3d 125, 128–29 (2d Cir.2015); *United States v. Wright*, 957 F.2d 520, 521 (8th Cir.1992); *United States v. Jones*, 932 F.2d 624, 625 (7th Cir.1991); *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir.1990); *United States v. Maddalena*, 893 F.2d 815, 819 (6th Cir.1989).
>
> Our sister circuits have uniformly ruled that other federal crimes involving takings "by force and violence, or by intimidation," have as an element the use, attempted use, or threatened use of physical force. Earlier this year, for example, the Eighth Circuit concluded that robbery in the special maritime and territorial jurisdiction of the United States under 18 U.S.C. § 2111 satisfied the similarly worded force clause in the Armed Career Criminal Act ("ACCA"), because it required a taking "by force and violence, or by intimidation." *See United States v. Boman*, 810 F.3d 534, 542–43 (8th Cir.2016). The Second and Eleventh Circuits reached the same conclusion with respect to the carjacking statute, 18 U.S.C. § 2119. *See United States v. Moore*, 43 F.3d 568, 572–73 (11th Cir.1994); *United States v. Mohammed*, 27 F.3d 815, 819 (2d Cir.1994).

6

> The logic of those decisions is straightforward. A taking "by force and violence" entails the use of physical force. Likewise, a taking "by intimidation" involves the threat to use such force. *See, e.g., Jones*, 932 F.2d at 625 ("Intimidation means the threat of force."); *Selfa*, 918 F.2d at 751 (explaining that the intimidation element of § 2113(a) meets "the [Guidelines] section 4B1.2(1) requirement of a 'threatened use of physical force' "). As the Seventh Circuit explained in its *Jones* decision, "[t]here is no 'space' between 'bank robbery' and 'crime of violence' " because "violence in the broad sense that includes a merely threatened use of force is an element of every bank robbery." *See* 932 F.2d at 625.
>
> In *United States v. Presley*, in 1995, we recognized the equivalence between "intimidation" and the "threatened use of physical force," holding that a Virginia robbery offense satisfied the ACCA force clause. *See* 52 F.3d 64, 69 (4th Cir.1995). As we explained, Virginia had defined robbery as "the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation." *Id.* Reasoning that "[v]iolence is the use of force," and "[i]ntimidation is the threat of the use of force," we concluded that "robbery in Virginia has as an element the use or threatened use of force." *Id.* Of course, our *Presley* decision addressed a state crime, rather than a federal offense, and a State is entitled to define its crimes as it sees fit. In this case, however, McNeal and Stoddard have presented no sound basis for concluding that the "intimidation" element of Virginia robbery is any narrower or broader than the "intimidation" element of federal bank robbery.
>
> Put succinctly, the reasoning of *Jones*, *Selfa*, and *Presley* is persuasive. Bank robbery under § 2113(a), "by force and violence," requires the use of physical force. Bank robbery under § 2113(a), "by intimidation," requires the threatened use of physical force. Either of those alternatives includes an element that is "the use, attempted use, or threatened use of physical force," and thus bank robbery under § 2113(a) constitutes a crime of violence under the force clause of § 924(c)(3).

*McNeal*, 818 F.3d at 152-53. *See also United States v. Fox*, 2016 WL 3033067, *3 (11th Cir. May 26, 2016) (citing other federal courts of appeal that have held that bank robbery under § 2113 constitutes a crime of violence under 18 U.S.C. § 924(c)(3)(A)). This Court agrees that § 2113 bank robbery is a crime of violence under the elements clause of § 924(c).

## CONCLUSION

*Johnson v. United States*, 135 S.Ct. 2551 (2015), does not support Eugene Gutierrez's § 2255 motion to vacate his 2001 conviction on count 2 for brandishing a firearm in furtherance of

a crime of violence under 18 U.S.C. § 924(c). For the reasons set forth above, it plainly appears that Gutierrez is not entitled to relief on his claims, and the motion will be dismissed with prejudice. The Court concludes that reasonable jurists would not find its assessment of the merits of Gutierrez's motion debatable or wrong, and a certificate of appealability will not issue. Accordingly,

IT IS ORDERED:

(1) That Eugene Gutierrez's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, doc. 1, is dismissed with prejudice, and the Clerk of Court shall notify the movant.

(2) That a certificate of appealability is denied.

Dated this 27th day of July, 2016.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
        DEPUTY